# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| Michael Joe Johnson, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT** |
| Petitioner, | ) | **SENTENCE** |
| | ) | |
| vs. | ) | Case No. 3:23-cv-180 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cr-175 |
| | ) | |
| Michael Joe Johnson, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Michael Joe Johnson moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 131; Doc. 137. The United States opposes the motion. Doc. 138. For the reasons below, the motion is denied.

## I.   BACKGROUND

On September 18, 2019, Johnson was charged with sexual abuse. Doc. 1. Johnson proceeded to trial and was found guilty. Doc. 75. He was sentenced to 151 months imprisonment. Doc. 113. Johnson appealed, and his conviction was affirmed by the Eighth Circuit Court of Appeals. Doc. 120. Johnson now moves for § 2255 relief, alleging ineffective assistance of counsel and Brady violations. Doc. 131.

## II. LEGAL STANDARDS

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

## III. DISCUSSION

### A. Ineffective Assistance

Johnson alleges multiple ineffective assistance claims. He alleges his counsel failed to properly investigate certain potential witnesses (Doc. 131 at 4) and failed to call critical witnesses or cross examine the United States' witnesses effectively (id. at 5). He also claims counsel failed to properly communicate with him leading up to trial. Id. at 10.

Johnson argues that counsel failed to investigate witnesses that would testify to the victim's history of lying. Doc. 131 at 4. Johnson also believes counsel was deficient for not calling these witnesses to testify. Id. at 5. But he has the burden of showing that these witnesses' testimony would have changed the outcome of his trial. See Kilgore v. Bowersox, 124 F.3d 985, 994 (8th Cir. 1997); see also Otey v. Grammer, 859 F.2d 575, 578 (8th Cir. 1988). And complaints of uncalled witnesses are disfavored in federal habeas corpus review because allegations of what the witness would have testified to is speculative. Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).

"The decision not to call a witness is a virtually unchallengeable decision of trial strategy." Ford v. United States, 917 F.3d 1015, 1024 (8th Cir. 2019). That is the case here. Johnson has not provided affidavits or documentation showing what these individuals would have testified to. Instead, he offers only self-serving statements that certain individuals would have testified that the victim had a history of being untruthful. However, this alone does not show the outcome of trial would have been different, and the record shows that counsel did challenge the victim's credibility on cross examination. Doc. 100 at 68-88. Without more, Johnson's argument is insufficient to overcome the deference afforded to counsel's strategic decisions. See Ford, 917 F.3d at 1025.

Johnson also claims that counsel failed to appropriately communicate with him leading up to trial. Doc. 131 at 9. However, he does not articulate how more communication would have led

4

to a different result. To demonstrate prejudice, Johnson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. With no explanation as to how there was a reasonable probability of a different outcome with increased communication, the claim fails.

    B.    **Brady Violations**

In his next claim, Johnson argues the United States committed Brady violations by "withholding material facts and evidence" that would have allowed him to better impeach the credibility of the adverse witnesses. Doc. 131 at 10. An alleged Brady violation is cognizable in a 28 U.S.C. § 2255 motion. See e.g. Mandacina v. United States, 328 F.3d 995, 1001 (8th Cir. 2003).

The "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). Materially favorable evidence includes both exculpatory and impeachment evidence. See United States v. Bagley, 473 U.S. 667, 676 (1985). To comply with Brady, a prosecutor must "learn of any favorable evidence known to the others acting on the government's behalf in this case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). To establish a Brady violation, a petitioner must demonstrate (1) the prosecution suppressed evidence, (2) the evidence was favorable to him, and (3) the evidence was material to either his guilt or his punishment. United States v. Carman, 314 F.3d 321, 323–24 (8th Cir. 2002). To establish materiality in the context of Brady, "the accused must show there is a reasonable probability that if the allegedly suppressed evidence had been disclosed at trial the result of the proceeding would have been different." Drew v. United States, 46 F.3d 823, 828 (8th Cir. 1995). "A reasonable probability is a probability

sufficient to undermine the reviewing court's confidence in the outcome of the proceeding." Id. (cleaned up).

While Johnson has alleged Brady violations, he has not done so with the necessary level of specificity. His motion is silent as to what evidence was suppressed by the United States, how that evidence was favorable to him, and how this evidence was material to his guilt or innocence—aside from suggesting so in a conclusory fashion. Without a description of what the United States should have disclosed and how it would have resulted in a different outcome at his trial, the claim fails on its face.

### C. Evidentiary Hearing

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Johnson's substantive § 2255 claims, the record decisively refutes each claim presented or the claims are inherently incredible, or conclusions. So, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

### IV. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Johnson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 131) is **DENIED**. This matter is **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Johnson desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 9th day of April, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court